DECISION
Respondent-appellant, Michael R. Graham, appeals from a judgment of the Franklin County Court of Common Pleas granting the request of petitioner-appellee, Claudia Marie Ferretti, for a stalking civil protection order against respondent. Because the trial court failed to rule on the objections to the magistrate's decision filed by respondent, we reverse the judgment of the trial court.
On June 10, 1999, petitioner filed a petition for a stalking civil protection order. On the same day, the trial court entered a stalking exparte civil protection order, and scheduled the matter for full hearing on June 21, 1999.
By order filed June 14, 1999, the matter was referred to a magistrate. Although scheduled for hearing on June 21, 1999, the matter was continued to June 28, 1999, to allow petitioner to secure counsel; the ex parte
order was continued to the rescheduled date over the objection of respondent's counsel. On June 28, 1999, following an evidentiary hearing, the ex parte order was once again continued pending the magistrate's research into the merits of respondent's motion to dismiss the petition, requested at the conclusion of petitioner's case.
Resolving that issue against respondent on July 1, 1999, the magistrate entered what appears to be an interim decision overruling respondent's motion to dismiss. Although the full hearing was scheduled to resume on September 29, 1999, it was then continued to October 26. By entry filed October 28, 1999, the magistrate noted two additional days of testimony had been taken, and he further continued the ex parte order pending decision on the petition.
On January 13, 2000, the magistrate issued a decision granting the civil protection order petitioner requested. Respondent filed objections on January 26, 2000; petitioner filed objections the next day. On May 23, 2000, the court adopted the magistrate's decision and granted the civil protection order petitioner requested. Respondent appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED BY FAILING TO RULE ON APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION.
 II. THE TRIAL COURT ERRED IN RULING THAT THE PROVISIONS OF 2903.211 REVISED CODE MUST BE LIBERALLY CONSTRUED.
 III. THE FINDING THAT DEFENDANT'S CONDUCT WAS IN VIOLATION OF 2903.211 WAS ERROR AND NOT SUPPORTED BY THE QUANTUM OF EVIDENCE REQUIRED BY LAW.
Respondent's first assignment of error asserts the trial court erred in failing to rule on his objections to the magistrate's decision.
Pursuant to Civ.R. 53, within fourteen days of the filing of a magistrate's decision, a party may file written objections to that decision. Civ.R. 53(E)(3)(a). Any objection to a finding of fact must be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact, or an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(b). The trial court "shall rule on any objections." Civ.R. 53(E)(4)(b).
Here, respondent unquestionably filed timely objections to the magistrate's decision. Further, recognizing that the objections raised issues concerning the magistrate's findings of fact, respondent apparently requested a transcript. While the record does not reflect respondent's request for a transcript, petitioner does not deny respondent requested the transcript, and indeed the transcript was filed on March 14, 2000.
Despite the objections, as well as a transcript, the trial court did not rule on respondent's objections. Rather, although the trial court's decision noted petitioner's objections and the relevant law respecting Civ.R. 53 objections, the court neither ruled on petitioner's objections nor even mentioned respondent's objections. Given that the transcript was signed out from the file on May 12, 2000, and was returned to the record on May 24, 2000, the day after the trial court's decision adopting the magistrate's decision, it seems clear the trial court considered the transcript, probably in conjunction with the objections. Nonetheless, the record contains no ruling on the objections. Accordingly, we are compelled to reverse the decision of the trial court and remand for the trial court's consideration of both parties' objections in light of the transcript filed. Once it has determined the objections, the trial court may rule accordingly. Civ.R. 53(E)(4)(b).
Petitioner, however, suggests the transcript was untimely, thereby obviating the trial court's need to consider respondent's objections. Civ.R. 53(E) does not specify when the transcript must be filed, but Loc.R. 97.05 requires that it be filed within thirty days of the objections, unless the court extends the time because of the court reporter's inability to complete the transcript within the thirty days specified in the rule.
Here, while the record does not reflect any request for, or the granting of an extension, the transcript was filed approximately two months before the trial court considered the magistrate's decision. As a result, any delay in filing the transcript did not disturb the trial court's consideration of petitioner's case. Accordingly, consideration of the transcript is appropriate. Cf. DiSabato v. DiSabato (Apr. 3, 1984), Franklin App. No. 83AP-676, unreported.
In the final analysis, because the trial court failed to rule on respondent's objections, as well as petitioner's objections, the matter must be returned to the trial court for that required ruling, and a decision of whether to adopt the magistrate's decision in light of that ruling. Respondent's first assignment of error is sustained, rendering moot respondent's second and third assignments of error. Having sustained the first assignment of error, we reverse the judgment of the trial court and remand this matter for proceedings consistent with this opinion.
BOWMAN and DESHLER, JJ., concur.